IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHEIK TEHUTI, § | |
|     Plaintiff, § | |
| § | Civil Action No. 3:11-CV-00923-M (BF) |
| v. § | |
| § | |
| TEXAS BAR ASSOCIATION, et al., § | |
|     Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to the United States Magistrate Judge for pretrial management. Defendant Judge Dana Womack's Motion to Dismiss (doc. 5) and Defendant Judge Carl Ginsberg's Motion to Dismiss (doc. 3) are before the Court for consideration. Plaintiff has failed to file a response, and the time to do so has expired. The Court finds that Judge Womack and Judge Ginsberg are entitled to judicial immunity and, therefore, recommends that the motions to dismiss be GRANTED.

## Analysis

To defeat a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12 (b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Although a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks,

citations, and footnote omitted). In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

Because Plaintiff is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *AMX, Int'l, Inc.*, 7 F.3d at 75 (citing *Hughes v. Rowe*, 449 U.S. at 9).

Judicial immunity protects judges from all suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). A plaintiff can overcome absolute judicial immunity in only two sets of circumstances. First, judges are not immune from liability for non-judicial actions, *i.e.*, actions not taken in the judge's judicial capacity. *Id.* at 11. Second, judges are not immune for actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *Id.* at 12.

To determine whether a judge's actions were "judicial in nature," the court should consider: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005). The factors are broadly construed in favor of judicial immunity; the absence of one or

2

more factors will not prevent a determination that judicial immunity applies. *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985).

Plaintiff brings a variety of claims against Judge Womack and Judge Ginsberg, all of which relate to various actions pertaining to foreclosure proceedings, presided over by either Judge Womack or Judge Ginsberg, brought against Plaintiff. The actions complained of include ruling on motions, communicating with counsel, and setting and holding hearings. The Court finds that all of these actions are normal judicial functions. Furthermore, they all occurred in courtrooms or chambers, centered around foreclosure proceedings properly before the court, and arose directly out of visits to the judges in their official capacities. Finally, the acts were not taken in the complete absence of jurisdiction.

Plaintiff's numerous allegations of conspiracy are irrelevant to the issue of judicial immunity. Judicial immunity applies even when the judge is accused of acting maliciously and corruptly. *Ballard*, 413 F.3d at 515 ("[j]udicial immunity is not overcome by allegations of bad faith or malice"); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("the alleged magnitude of the judge's errors or the mendacity of his acts is irrelevant"); *Mitchell v. McBryde*, 994 F.2d 229, 230 (1991) (finding that a judge is entitled to judicial immunity even when the plaintiff alleges the judge "acted pursuant to a conspiracy and committed grave procedural errors"). The Court finds that Judge Womack and Judge Ginsberg are entitled to judicial immunity.

## **RECOMMENDATION**

The Court recommends that the District Court GRANT Defendant Judge Womack's Motion to Dismiss (doc. 5) and Defendant Judge Ginsberg's Motion to Dismiss (doc. 3) and dismiss with prejudice all of Plaintiff's claims against both judges for failure to state a claim upon which relief

3

may be granted. The Court further recommends that, because there is no just reason for delay, partial final judgment be entered in favor of Judge Womack and Judge Ginsberg pursuant to Federal Rule of Civil Procedure 54(b)

Signed, June 29, 2011.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Plaintiff. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).