IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEIK TEHUTI, | § | |
|     Plaintiff, | § | |
| | § | No. 3:11-CV-00923-M (BF) |
| v. | § | |
| | § | |
| TEXAS BAR ASSOCIATION, et al, | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant State Bar of Texas' ("Defendant")[1] Motion to Dismiss and Brief in Support (doc. 19, "Motion to Dismiss"), filed on January 9, 2012. On February 4, 2012, Plaintiff filed a Motion for Summary Judgment and Brief in Support (doc. 21), which this Court will treat, in part, as Plaintiff's response to Defendant's Motion to Dismiss. On February 7, 2012, Defendant filed a Supplemental Motion to Dismiss (doc. 22), which this Court will treat as Defendant's reply. Defendant seeks dismissal of this action for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Based on the following reasons, the Court recommends that the Motion to Dismiss should be GRANTED and Plaintiff's claim against Defendant should be dismissed with prejudice.

**Background**

This lawsuit stems from a foreclosure action initiated by Citimortgage, which ultimately resulted in the foreclosure of Plaintiff's property and Plaintiff's eviction from that property. On

---

[1] Defendant is named in the Complaint and pleadings as the Texas Bar Association.

May 3, 2011, Plaintiff filed a Complaint in federal court pursuant to 28 U.S.C. § 1331 against the following defendants: Texas Bar Association, Barrett Daffin Frappier Turner & Engel LLP, Mary Dafffin, Robert Frappier, Steve Turner, Brian Engel, Chalise Estes, Judge Carl Ginsburg, and Judge Dana Womack. (Doc. 1.) On July 27, 2011, the District Court dismissed Plaintiff's claims against Judge Ginsburg and Judge Womack, with prejudice, for failure to state a claim upon which relief may be granted. (*See* Docs. 8-9.) On February 22, 2012, Magistrate Judge Paul D. Stickney entered Findings, Conclusions, and Recommendation that Plaintiff's claims against Defendants Barrett Daffin Frappier Turner & Engel LLP, Mary Dafffin, Robert Frappier, Steve Turner, Brian Engel, and Chalise Estes be dismissed, with prejudice, for failure to state a claim upon which relief may be granted. (Doc. 23.)

## Standard of Review

FED. R. CIV. P. 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). Only if the plaintiff cannot prove any of the facts supporting his claim, which would provide him relief, should a case be dismissed for want of subject matter jurisdiction. *Id.* (citing *Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992).

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial

2

plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged.  *Id*. (citing *Twombly*, 550 U.S. at 556).  A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility.  *See* FED. R. CIV. P. 12(b)(6); *id*. at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient.  *Twombly*, 550 U.S. at 555.  Factual allegations must be sufficient to raise a right to relief above the speculative level.  *Id.*  In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy.  *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  Pleadings include the complaint and any documents attached to it.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

Because Plaintiff is proceeding *pro se,* the Court must construe the allegations in the complaint liberally.  *Hughes v. Rowe,* 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.,* 7 F.3d 71, 75 (5th Cir. 1993) (per curiam).  "[P]*ro se* litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *AMX, Int'l, Inc.,* 7 F.3d at 75 (citing *Hughes v. Rowe,* 449 U.S. at 9).

## Analysis

Although Plaintiff's Complaint is largely incoherent, he attempts to assert a Racketeer Influenced and Corrupt Organizations ("RICO") claim against Defendant pursuant to 18 U.S.C. § 1962. In order to be successful on a RICO claim, a plaintiff must prove: (1) a person engaged in (2) a pattern of racketeering activity (3) linked to the acquisition, establishment, conduct or control of an enterprise. *St. Germain v. Howard,* 556 F.3d 261, 263 (5th Cir. 2009) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)).

In his Complaint, Plaintiff makes conclusory allegations against Defendant such as "Sheik Tehuti has perfected a RICO claim by showing the existence of a RICO enterprise = the bar" and "[t]he defendant's required membership in the enterprise, the bar, to be privileged to do bar business both direct and indirect investment by the members in the bar's enterprise affecting interstate commerce." (Pl.'s Compl. at 7.) He further alleges "[t]he enterprise the bar is evidence to a high degree and it is also evident to a high degree that associates such as the members act as a continuing unit. In actually, [sic] the bar is the best example anyone could possibly conceive of as a racketeer influenced corrupt organization." (*Id.* at 8.) Additionally, he states "[i]t is undeniable that the bar associates received money for defrauding Sheik Tehuti, and their payments under and over the table to the bar officers represents their necessary investment in the bar for the continuing privilege of, in the vernacular, continuing to rip people off in phony, out of court proceedings." (*Id.*) Plaintiff also alleges "[a] claim that the bar's bad behavior is not regular, ongoing and likely to recur is absurd." (*Id.* at 10.)

Plaintiff fails to provide any facts to demonstrate the elements of a RICO claim, nor does he furnish any facts to support these unintelligible allegations. Even construing the allegations

4

in the Complaint liberally, because Plaintiff is proceeding *pro se,* this Court is unable to find that Plaintiff has stated a legally cognizable claim against Defendant. Additionally, to the extent that Plaintiff seeks damages for his RICO claim against Defendant, Defendant is an agency of the Texas Judicial Department, and thus, protected by the Eleventh Amendment. *See Krempp v. Dobbs,* 775 F.2d 1319, 1321 (5th Cir. 1985). Accordingly, Plaintiff's claim for damages is barred. *See id.* Plaintiff's claim should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) because he has failed to state a claim upon which relief may be granted.

Furthermore, in Plaintiff's response, it appears that he retracts his allegations against Defendant. His response begins by stating "[n]ow comes Sheik Tehuti, Plaintiff, in this matter to state the [sic] he has no complaint against the State Bar . . ." (Pl.'s Resp. at 1.) On page 13 of his response, he states that "[this] case is against individuals of the Bar." He continues his retractions by stating "[t]his is not a suit against . . . The Texas State Bar" and "Judge Stickney, I dismiss all charges against the Texas Bar Association." (*Id.* at 14, 17.)

In Defendant's reply, Defendant contends that these retractions constitute judicial admissions. (Def.'s Reply at 2.) Judicial admissions are formal concessions by a party in a pleading that are binding on the party making the concessions. *Martinez v. Bally's Louisiana, Inc.,* 244 F.3d 474, 476 (5th Cir. 2001). Judicial admissions are not evidence, but they have the effect of withdrawing facts from contention. *Id.* On the other hand, an ordinary evidentiary admission is "merely a statement of assertion or concession made for some independent purpose". *Id.* at 476-77 (quoting *McNamara v. Miller*, 269 F.2d 511, 515 (D.C.Cir.1959)). The Court finds that Plaintiff's statements in his response were intended to relieve the Defendant of liability and were not merely asserted for an independent purpose. Thus, Plaintiff's concessions

5

constitute judicial admissions and are binding against him. *See Martinez,* 244 F.3d at 476.

Finally, because Plaintiff brought his Complaint pursuant to federal question jurisdiction, and he has failed to state a federal cause of action, the federal court has been divested of original jurisdiction over the case. *See* 28 U.S.C. § 1331. Moreover, Defendant is a state agency and protected by the Eleventh Amendment, which limits the jurisdiction of federal courts to entertain lawsuits directed at states. *See Green v. State Bar of Texas,* 27 F.3d 1083, 1087 (5th Cir. 1994); *Krempp,* 775 F.2d at 1321. Accordingly, the Court lacks the statutory or constitutional power to adjudicate the case, and thus, Plaintiff's claim should also be dismissed due to a lack of subject matter jurisdiction according to FED. R. CIV. P. 12(b)(1). *See Home Builders Ass'n of Miss.*, 143 F.3d at 1010.

## **Recommendation**

The District Court should **GRANT** Defendant's Motion to Dismiss (doc. 19) and dismiss Plaintiff's claim against Defendant, with prejudice, because Plaintiff failed to state a claim upon which relief may be granted and the District Court lacks subject matter jurisdiction to hear the claim. Additionally, Plaintiff should be bound by his concessions that the lawsuit is not against Defendant. The Court also recommends that costs be taxed against Plaintiff pursuant to Federal Rule of Civil Procedure 54(d)(1).

Furthermore, Plaintiff has filed a long string of frivolous motions, all of which are incoherent and repetitive, and this Court recommends that the District Court **DENY** the motions as **MOOT**. These motions include: (1) Motion for Default Judgment against Barrett Daffin Frappier Turner & Engel LLP (doc. 13), filed on November 18, 2011; (2) Motion for Summary Judgment, Motion for Hearing (doc. 15), filed on November 22, 2011; (3) Motion for Summary

6

Judgment (doc. 21), filed on February 4, 2012; (4) Final Motion for Judgment (doc. 24), filed on March 13, 2012; (5) Motion for Summary Judgment (doc. 25), filed on March 15, 2012; and (6) Motion to Amend Original Complaint (doc. 27), filed on April 5, 2012. These motions should be denied as moot because upon the District Court's acceptance of the Magistrate Judge's Findings, Conclusions, and Recommendations, there will be no remaining defendants and Plaintiff's lawsuit should be dismissed in its entirety.

    SO RECOMMENDED, April 18, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).